UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER PRIETO,

                Plaintiff,

v.

DEBT RECOVERY SPECIALISTS,

                Defendant.

CASE NO. C17-1906-MAT

ORDER RE: MOTION TO AMEND AND MOTION FOR SUMMARY JUDGMENT

INTRODUCTION AND DISCUSSION

Plaintiff Jennifer Prieto filed this suit against defendant Debt Recovery Specialists (DRS) alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. Now pending before the Court are plaintiff's Motion for Leave to File First Amended Complaint,[1] and defendant's Motion for Summary Judgment. The Court, having considered the motions and all papers filed in support and opposition, herein DENIES the motion to amend (Dkt. 19) and GRANTS the motion for summary judgment (Dkt. 22).

---

[1] The docket also contains an earlier-filed motion to amend. (Dkt. 17.) The Clerk is directed to terminate that superseded motion.

ORDER
PAGE - 1

A.  Motion to Amend

Federal Rule of Civil Procedure 15 provides that the Court "should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a).  Granting leave to amend serves the purpose of Rule 15 to "facilitate decision on the merits, rather than on the pleadings or technicalities."  *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (internal quotation marks and quoted case omitted).  The rule should, therefore, be interpreted and applied with "extreme liberality."  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  Leave to amend may, however, be denied where there is undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  The decision to grant or deny an opportunity to amend lies within the discretion of the Court.  *Id*.

Plaintiff argues recently received evidence indicating additional violations of the FDCPA warrant the amendment and denies any undue prejudice to defendant.  Plaintiff acknowledges the July 11, 2018 deadline for filing amended pleadings set forth in the Court's scheduling order.  (*See* Dkt. 15.)  She explains a delay in deposition scheduling led to an informal agreement to extend that deadline to September 5, 2018, one day after the deposition of defendant's Rule 30(b)(6) witness (hereinafter "DRS deposition"), and the day she submitted the motion to amend.  Plaintiff asserts the amended pleading was necessitated by information learned during the DRS deposition. In a supportive declaration, counsel for plaintiff states the parties agreed not to oppose amendments on the grounds of tardiness up to one day after the conclusion of depositions and that, given the September 4th DRS deposition, the deadline for amended pleadings was "effectively extended" to September 5th.  (Dkt. 20.)

However, plaintiff does not provide complete information regarding the late filing of the

motion to amend. First, while the parties agreed informally to extend the amended pleading deadline to August 3, 2018, defendant stated such extension was subject to any required Court approval. (Dkt. 21, Ex. A at 1.) Subsequently, when counsel for plaintiff requested further delay of the DRS deposition, defendant asked that counsel prepare a formal stipulation and order extending all pertinent deadlines by thirty days, and noted the scheduling order required Court approval to extend deadlines. (*Id.*, Ex. A at 9.) The Court's scheduling order does, indeed, state that the dates set forth in the order "are firm dates that can be changed only by order of the Court, not by agreement of counsel for the parties." (Dkt. 15 at 2.) Yet, plaintiff did not at any point seek Court approval for extension of deadlines. He simply filed the motion to amend, without any explanation for, or even mention of, the absence of prior Court approval.

Nor does plaintiff sufficiently support or justify her request to amend. In the original complaint, plaintiff alleged violation of the FDCPA through the use of "false representations or deceptive practices in connection with collection of a debt, including repeatedly claiming to Plaintiff that she was in fact served when she complained she had not been served with the lawsuit in telephone calls with Defendant (§ 1692e(10))." (Dkt. 1, ¶ 9.) In the proposed amended complaint, plaintiff seeks to add the following two claims of false representations or deceptive practices:

> [(1)] claiming that the original lawsuit for the debt was legitimate because Plaintiff was married to the co-Defendant when the debt was incurred, even after Plaintiff made it clear that she was in fact not in a marital community with Mr. Prieto as of the date the debt incurred; Defendant stated that did not matter and that as long as the parties were not divorced it was a community debt; that is not the law in Washington; and
>
> [(2)] failing to disclose that interest was accruing on a judgment balance sent to Plaintiff (§ 1692e).

ORDER
PAGE - 3

(Dkt. 19-1, ¶ 9(b)-(c).)

Plaintiff's explanation regarding the belated discovery of these claims does not withstand scrutiny. A review of the DRS deposition reveals only the following arguably relevant testimony: (1) "Well, I recall, when [plaintiff] had called me, she identified herself, and she was pretty upset over the fact that there was an outstanding debt here in the office, and she gave me her explanation of how this was not hers, and it was her ex-husband's."; and (2) "Q. . . . Was there interest accruing on the balance as of the date that [a mailing] was sent out? A. Yes." (Dkt. 21, Ex. B at 14:12-16 and 20:3-5.) Plaintiff does not explain how this or any other testimony reveals information previously unknown. As defendant observes, plaintiff conceded in discovery that the only evidence she had regarding the alleged FDCPA violation came from her memory of a single phone call with DRS. (*Id.*, Ex. C at 3 (Answer to Interrogatory No. 7).) Without more, neither the deponent's recollection of plaintiff's explanation as to why she was not responsible for the debt, nor his admission interest was accruing reasonably accounts for plaintiff's discovery of new claims.

The DRS deposition also provides support for defendant's contention the filing of the motion to amend constituted a dilatory tactic. That is, the deponent offered testimony contradictory to the sole claim raised in plaintiff's original complaint. (*Id.*, Ex. B at 14:17-20 ("Now, as I do look at my notes, it specifically states that she did tell me that the process server tried to serve her, but she refused to take the paperwork."); *id.* at 15:12-19 ("That appears to be a note that was inputted by the paralegal here at [DRS] that she reviewed the file on the judgment to verify that this was not a drop serve, and to verify the affidavit of service, since Miss Prieto claims she specifically didn't take the paperwork, which was determined it was not a drop serve. And it then states we are waiting for a call from her attorney.")) The filing of the proposed amended

complaint, with two additional claims, but no indication as to any evidentiary support beyond plaintiff's memory, suggests an intention to prolong this matter in the face of a pending dispositive motion deadline. (*See also* Dkt. 22 (defendant's motion for summary judgment, with declarations and attachments attesting to personal service on plaintiff) and Dkt. 24 (plaintiff's withdrawal of her original claim in response to the motion for summary judgment).)

The Court is likewise persuaded by defendant's assertion of futility. Other than the vague reference to the DRS deposition, it remains entirely unclear what evidence plaintiff relies upon as supporting the proposed claims. A mere implication additional discovery could supply such evidence does not suffice to warrant the amendment.

The Court, in sum, concludes justice would not be served by allowing the motion to amend. Plaintiff's delay in pursuing amendment, lack of candor and detail in the explanations provided as to the delay, and the suggestion of both a dilatory motive and futility argue against the Court's exercise of its discretion to allow amendment. Allowing amendment would also unduly delay these proceedings and prejudice defendant by requiring litigation of entirely new and arguably futile claims, the extension of all court deadlines, and the imposition of considerable expense. The Court, as such, declines to allow the amendment.

B.  Motion for Summary Judgment

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court must draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

ORDER
PAGE - 5

475 U.S. 574, 587 (1986).

Defendant moves for summary judgment in relation to the sole claim raised in plaintiff's complaint (*see* Dkt. 1). Defendant argues summary judgment is warranted given that no competent, admissible evidence shows defendant violated federal or state law and, therefore, there is no genuine issue of material fact for trial. Defendant provides a declaration from the original process server in the underlying debt collection action attesting to personal service on plaintiff in that action and the Declaration of Service. (*See* Dkt. 22-4.)

Plaintiff asserts defendant threatened Rule 11 sanctions for raising her claim. While believing such threat is meritless, plaintiff "decided strategically to limit the potential for liability by withdrawing this claim." (Dkt. 24 at 1.) Although desiring to pursue the new claims set forth in the proposed amended complaint, plaintiff withdrew the original claim for false statements and did not oppose the motion for summary judgment.

The Court finds summary judgment warranted. Plaintiff voluntarily withdrew her claim and does not oppose summary judgment. The Court further finds no genuine issue of material fact and that defendant is entitled to judgment as a matter of law.

CONCLUSION

For the reasons stated above, plaintiff's motion to amend (Dkt. 19) is DENIED, defendant's motion for summary judgment (Dkt. 22) is GRANTED, and this matter is DISMISSED.

DATED this 19th day of November, 2018.

Mary Alice Theiler
United States Magistrate Judge